UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| PRESTON HENSON, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 13-277-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| CAROLYN W. COLVIN, Acting | ) | **MEMORANDUM OPINION** |
| Commissioner of Social Security, | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is pending for consideration of cross-motions for summary judgment filed by Plaintiff Preston Henson ("Henson" or "the Claimant") and Defendant Carolyn W. Colvin, Acting Commissioner of Social Security ("the Commissioner"). [Record Nos. 10, 11] Henson argues that the administrative law judge ("ALJ") erred in finding that he is not entitled to a period of disability and Disability Insurance Benefits ("DIB") under the Social Security Act ("Act"). He seeks reversal of the ALJ's decision and an award of benefits or, in the alternative, remand of the case for further consideration. The Commissioner contends that the ALJ's decision was proper and should be affirmed. For the reasons discussed below, the Court will grant the Commissioner's motion for summary judgment and deny the relief sought by Henson.

**I.**

On January 19, 2011, Henson filed an application for a period of disability and Disability Insurance Benefits, alleging a disability beginning on April 21, 2009. [Tr., p. 63] His claim was

-1-

denied initially and upon reconsideration. [*Id.*] Thereafter, a hearing was held on January 30, 2012, before ALJ Roger L. Reynolds, in Lexington, Kentucky. [*Id.*] Henson appeared and testified, represented by attorney W. Gerald Vanover, Jr. [*Id.*] Impartial vocational expert Jackie B. Rogers also testified by telephone. [*Id.*] On February 24, 2012, ALJ Reynolds issued his decision, finding that Henson was not disabled under the Act. [Tr., p. 71]

Henson was forty-five years old at the time of the ALJ's decision. He has a high school education and previous work history in coal mines, sugar cane fields, and as a truck-driver. [Record No. 10-1, p. 2] Based upon his review of the record and consideration of the testimony presented during the administrative hearing, ALJ Reynolds determined that Henson suffered from severe impairments of "chronic low back pain secondary to degenerative disc disease of the lumbar spine, status post L4/L5 and L5/S1 fusion surgery with residual grade I spondylosthesis of L5 on S1, mild disc bulge at L3/L4, major depressive disorder, ischemic heart disease, and anxiety NOS." [Tr., p. 65]

Notwithstanding those impairments, the ALJ found that Henson has the residual functional capacity ("RFC") to perform sedentary work, with the following additional limitations:

> he can lift and carry up to twenty pounds occasionall[y], ten pounds frequently, sitting up to six hours in an eight hour day, but standing and walking are limited to two hours per day; he requires a sit/stand option with no prolonged standing or walking in excess of 45 minutes without interruption. He may occasionally climb stairs and ramps, but not ropes, ladders, or scaffolds. He may occasionally perform [postures] such as stopping, kneeling, crouching, and crawling, but may have no exposure to concentrated vibration or industrial hazards. He requires entry-level work with simple procedures, no frequent changes in work routine, no fast-paced assembly lines, and no rigid production quotas. He should work in an

object-oriented environment [and have] only occasional and casual contact with co-workers, supervisors, and the general public.

[Tr., p. 67]

Given these limitations, the ALJ found that Henson could not perform his past relevant work. [Tr., p. 69] However, he found that Henson could perform other jobs in the national economy, such as inspector, machine operator tending machine, and bench assembler. [Tr., p. 70] After determining that Henson could perform other work existing in significant numbers in the national economy, ALJ Reynolds determined that the Claimant was not disabled under the Act.

## II.

Under the Act, a "disability" is defined as "the inability to engage in 'substantial gainful activity' because of a medically determinable physical or mental impairment of at least one year's expected duration." *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 539 (6th Cir. 2007). A claimant's Social Security disability determination is made by an ALJ in accordance with "a five-step 'sequential evaluation process.'" *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 642 (6th Cir. 2006) (en banc) (quoting 20 C.F.R. § 404.1520(a)(4)). If the claimant satisfies the first four steps of the process, the burden shifts to the Commissioner with respect to the fifth step. *See Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003).

First, the claimant must demonstrate that he is not engaged in substantial gainful employment at the time of the disability application. 20 C.F.R. § 404.1520(b). Second, the claimant must show that he suffers from a severe impairment or combination of impairments. 20 C.F.R. § 404.1520(c). Third, if the claimant is not engaged in substantial gainful employment

and has a severe impairment which is expected to last for at least twelve months and which meets or equals a listed impairment, he will be considered disabled without regard to age, education, and work experience. 20 C.F.R. § 404.1520(d). Fourth, if the Commissioner cannot make a determination of disability based on medical evaluations and current work activity and the claimant has a severe impairment, the Commissioner will then review the claimant's RFC and relevant past work to determine whether he can perform his past work. If he can, he is not disabled. 20 C.F.R. § 404.1520(f).

Under the fifth step of the analysis, if the claimant's impairment prevents him from doing past work, the Commissioner will consider his RFC, age, education, and past work experience to determine whether he can perform other work. If he cannot perform other work, the Commissioner will find the claimant disabled. 20 C.F.R. § 404.1520(g). The Commissioner has the burden of proof only on "the fifth step, proving that there is work available in the economy that the claimant can perform." *White v. Comm'r of Soc. Sec.*, 312 F. App'x 779, 785 (6th Cir. 2009) (quoting *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391 (6th Cir. 1999)).

Judicial review of the denial of a claim for Social Security benefits is limited to determining whether the ALJ's findings are supported by substantial evidence and whether the correct legal standards were applied. *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). The substantial evidence standard presupposes that there is a zone of choice within which decision makers can go either way, without interference from the court. *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006). Substantial evidence is such relevant evidence

as a reasonable mind might accept as sufficient to support the conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007).

If supported by substantial evidence, the Commissioner's decision must be affirmed even if the Court would decide the case differently and even if the claimant's position is also supported by substantial evidence. *Smith v. Comm'r of Soc. Sec.*, 482 F.3d 873, 876 (6th Cir. 2007); *Colvin v. Barnhart,* 475 F.3d 727, 730 (6th Cir. 2007); *Longworth v. Comm'r of Soc. Sec. Admin.*, 402 F.3d 591, 595 (6th Cir. 2005); *Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993). Thus, the Commissioner's findings are conclusive so long as they are supported by substantial evidence. 42 U.S.C. § 405(g).

### III.

**A.   Treating Physician Dr. Lester**

Henson argues that the ALJ erred when he did not assign controlling weight to the opinion of treating physician Dr. William Lester.[1] In addition, he claims that the ALJ did not adequately explain his reasons for discounting Dr. Lester's opinion. Generally, a treating source's medical opinion will be given controlling weight if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence" in the claimant's record. 20 C.F.R. § 404.1527(c)(2); *see also Walker v. Sec'y of Health & Human Servs.*, 980 F.2d 1066, 1070 (6th Cir. 1992). If the treating source's opinion is not entitled to controlling weight, this does not necessarily mean that the opinion

---

1   Henson does not specifically identify any medical opinion by Dr. Lester that the ALJ improperly discounted. [*See, e.g.*, Record No. 10-1, pp. 4-5.] In fact, his entire argument on this point has no specific citations to the record. [*See id.*] Despite this deficiency, the Court has reviewed this argument and the ALJ's handling of Dr. Lester's opinions but finds no error.

should be completely rejected. The ALJ must always give "good reasons" for accepting or rejecting a medical opinion. 20 C.F.R. § 404.1527(c)(2).

In his RFC questionnaire, Dr. Lester indicated that Henson could not walk *any* amount without rest or severe pain, and that he could only sit or stand for ten minutes consecutively. [Tr., p. 731] He further opined that Henson would need breaks during the day to walk ten minutes, every ten minutes, in an eight-hour workday. [*Id.*] However, the ALJ determined that Dr. Lester's opinion was not entitled to controlling weight because it was, at points, inconsistent with the medical evidence of record. [Tr., p. 69]

In his questionnaire, Dr. Lester stated that Henson could not use his fingers or arms for manipulation.[2] [*Id.*; *see also* Tr., p. 733.] Yet, the ALJ rightfully pointed out that "all impairments described are in the lower back, not the neck or upper extremities." [Tr., p. 69] During his testimony at the administrative hearing, Henson never mentioned difficulty using his fingers or arms at all. [*See, e.g.*, Tr., p. 36.] Rather, he reported being able to drive, take his dog out, and use a telephone. [Tr., p. 33] He vacuums, although without stooping, and does other chores around the house. [Tr., p. 38]

Henson argues that the ALJ should have given Dr. Lester's opinion greater weight based on the length of the treatment relationship. [Record No. 10-1, pp. 5-6; *see also* 20 C.F.R. 404.1527(2)(i).] At the time of the administrative hearing, Dr. Lester had treated Henson for two years. [Tr., p. 33] Yet, the treatment was limited. According to the Claimant, Dr. Lester only

---

[2] It is unclear whether Dr. Lester intended to mark such extreme limitations for Henson's use of his hands, fingers and arms. [*See* Tr., p. 733.] Even without this inconsistency, however, the ALJ stated other adequate reasons for discounting Dr. Lester's opinion.

treated Henson for pain management, and Dr. Lester simply asked Henson how his pain medication was managing his symptoms and adjusted his medication accordingly. [*Id.*] Dr. Lester's treatment notes during those two years are routine and almost identical, simply noting that Henson was following up for his back pain and that Henson wanted his pain medication changed, generally in the form of an increase. [Tr., pp. 617-639]

The ALJ also considered Henson's conservative treatment for his back pain, noting that Henson has not been treated for his back since his spinal surgery in 2009. [Tr., p. 68] Treatment after the surgery demonstrated that the Claimant's back was near the normal range. In fact, Henson received worker's compensation based on an 18% disability rating.[3] [Tr., p. 154] An MRI from March 2011 showed mild, minimal, and slight findings or abnormalities regarding his spine. [Tr., pp. 719, 720] For his allegedly disabling condition, Henson reported that he simply takes pain medication and does stretches at home. [Tr., p. 22]

The ALJ recognized the lack of objective evidence to support Dr. Lester's extreme limitations. In addition to the 2011 MRI, Henson's examinations at the Kentucky Back Center have been within normal ranges, showing that he has a consistently normal gait and unremarkable reflexes and strength. [Tr., pp. 698-99; 714-18; 713-40; and 741-45] Notably, the ALJ also gave little weight to an "independent medical examination" paid for by Henson's employer in connection with his worker's compensation claims. [Tr., p. 640] The ALJ

---

3   Henson perfunctorily states that most people with a partial impairment rating for workers compensation are actually "totally disabled." This is another undeveloped argument. [Record No. 10-1, p. 6] Yet, the worker's compensation impairment rating was only one consideration by the ALJ. Even discounting Henson's impairment rating, the ALJ properly relied upon the conservative treatment of Henson and the fact that his MRI results were essentially normal to support his decision. [Tr., p. 68]

thoughtfully considered all of the medical evidence, and rejected extreme medical opinions both where they favored and disfavored Henson's allegations of disability.[4] [*Id.*]

In summary, Henson's argument that the ALJ should have given controlling weight to Dr. Lester's opinion is without merit. The ALJ was not required to accept Dr. Lester's opinion because it was unsupported by objective medical findings and because the opinion was contradicted by other evidence of record. *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 477 (6th Cir. 2003). The ALJ adequately explained his reasons for discounting Dr. Lester's opinion, and his determination is supported by substantial evidence.

**B.     Claimed Impairments**

Next, Henson argues that the ALJ erred in failing to consider his impairments and their cumulative effect on his ability to work. Again, however, he has failed to advance his argument with any attempt at specificity, leaving the Court to "put flesh on [the argument's] bones." *McPherson v. Kelsey*, 125 F.3d 989, 996 (6th Cir. 1997). However, the Court declines to undertake an open-ended review of the entirety of the administrative record in an attempt to find some support for this argument.[5] *See Hollon ex rel. Hollon v. Comm'r of Soc. Sec.*, 447 F.3d 477, 491 (6th Cir. 2006); *see also* General Order 13-7 (E.D. Ky. Oct. 24, 2013) (superseding General Order 09-13).

---

4     The ALJ also considered that the opinions of examiner Dr. Robert Johnson which were "in direct contrast to recent MRI records." [Tr., p. 69]

5     Similarly, the Court finds the argument regarding the ALJ's findings on Henson's credibility to be too perfunctory and vague to address. [Record No. 10-1, p. 6]

The specific citations Henson does provide, without further explanation, are to pages 656 and 741 of the record. [Record No. 10-1, p. 5] The Claimant presumably seeks to draw the Court's attention to the report by Dr. Robert Johnson in connection with Henson's worker's compensation claim and the physical questionnaire completed by Dr. Lester. However, the Court has already discussed the ALJ's consideration of the available medical evidence and treating physician Dr. Lester. Henson does not attempt to apply these opinions to his cumulative effect argument, and the Court declines to do so.

When considering a claimant's impairments cumulatively, the Act "requires the Secretary to consider the combined effects of impairments that individually may be nonsevere, but which in combination may constitute a medically severe impairment or otherwise evince a claimant's disability." *Foster v. Bowen*, 853 F.2d 483, 490 (6th Cir. 1988). In this case, Henson "seems to be arguing [] that the ALJ did not consider his combined impairments because the ALJ did not consider the impairments the ALJ found that claimant did not have." *Bailey v. Sec'y of Health & Hum. Servs.*, No. 90-3265, 1991 U.S. App. LEXIS 179, at *15 (Jan. 3, 1991). As stated above, the ALJ properly considered the medical evidence of record in determining Henson's limitations. Substantial evidence supports the ALJ's decision not to "credit every impairment alleged by [Henson]." [*Id.*; *see also* Tr., p. 68] Accordingly, the Court finds no error with the ALJ's consideration of Henson's limitations.

Finally, Henson argues that a remaining issue is "[w]hether a reasonable person could conclude and justify that [Henson] is not disabled in light of the substantial limitations assigned by the treating physician, supported by overwhelming evidence of a significant back injury,

surgery and continued residual limitations." [Record No. 10-1, p. 2] But this argument misstates the standard of review undertaken by this Court. The issue is whether substantial evidence supports the Commissioner's decision, not a "reasonable person" standard. *Smith*, 482 F.3d at 876. As stated above, if supported by substantial evidence, the Commissioner's decision must be affirmed *even if* the Court would decide the case differently and even if the claimant's position is also supported by substantial evidence. *Id.*

**IV.**

Although Henson suffers from some impairments, he has not established that he is disabled under the Act. After reviewing the record, the Court does not find any of Henson's arguments persuasive. The ALJ did not commit a reversible error and his decision is supported by substantial evidence. Accordingly, it is hereby

**ORDERED** as follows:

1. Plaintiff Preston Henson's Motion for Summary Judgment [Record No. 10] is **DENIED**.

2. Defendant Carolyn W. Colvin's Motion for Summary Judgment [Record No. 11] is **GRANTED**.

3. The administrative decision of Administrative Law Judge Roger L. Reynolds will be **AFFIRMED** by separate Judgment entered this date.

This 23rd day of December, 2013.



Signed By:
*Danny C. Reeves* DCR
United States District Judge